# THE UNITED STATES DISTRICT COURT
# NORTER DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR620 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDRE WHITLOW, | ) | |
| | ) | (Resolves Doc. 22) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Andre Whitlow's motion to suppress (Doc. 22). The Government has opposed the motion, and the Court conducted an evidentiary hearing on August 29, 2023. Upon review, the motion is DENIED.

The underlying facts of the search at issue are undisputed. On September 17, 2021, Officer Thomas Kazimer executed a traffic stop on the vehicle being driven by Whitlow. Kazimer stopped the vehicle because a routine check had revealed that it had expired plates. When speaking with Whitlow at the outset of the encounter, Kazimer asked if there was anything illegal in the vehicle, and Whitlow responded that there was not. Kazimer then followed up by asking, "Is there weed or anything?" Whitlow again indicated there was nothing in the vehicle. This answer raised Kazimer's suspicions because he could see loose marijuana around "scattered across the gearshifter in the center console" while he spoke to Whitlow. At that point, Kazimer determined that he was going to conduct a probable cause search of the vehicle and asked Whitlow to step out. Kazimer then conducted a pat down search of Whitlow and found a

"cartoon bag of Obama with marijuana located inside of it." Kazimer then asked again about the marijuana in the vehicle, and Whitlow responded that he had a "weed card." Kazimer then proceeded to search the vehicle and located two firearms in a compartment behind the glovebox.

While Whitlow's written motion briefly challenged the legality of the traffic stop, counsel conceded during the hearing that it was a "good stop." Moreover, as Kazimer was lawfully permitted to run the plates on the vehicle and learned they were expired, there can be no argument that he lacked authority to effectuate the traffic stop.

Whitlow next challenges the search of his person when he was removed from the vehicle. When an officer makes a *Terry* stop, he may also perform a precautionary search—known as a "frisk" or "pat down"—whenever he has "reasonable suspicion" that the person searched may be armed and dangerous. *Knowles v. Iowa*, 525 U.S. 113, 118 (1998). "Reasonable suspicion is based on the totality of the circumstances." *Joshua v. DeWitt*, 341 F.3d 430, 443 (6th Cir. 2003). Ultimately, the test is whether "a reasonably prudent [person] in the circumstances would be warranted in the belief that his [or her] safety or that of others was in danger." *United States v. Noble*, 762 F.3d 509, 521-22 (6th Cir. 2014) (alteration in original) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)).

"Reasonable suspicion" is recognized for being an abstract concept, but this is a product of design, not accident or error, and the Supreme Court has "deliberately avoided reducing it to 'a neat set of legal rules.'" *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (quoting *Ornelas v. United States*, 517 U.S. 690, 695–96 (1996)); see also *Illinois v. Gates*, 462 U.S. 213, 232 (1983) (noting that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules"). With this abstract, context-specific framework in mind, the Supreme Court has also cautioned

reviewing courts not to consider factors in the reasonable-suspicion analysis in isolation from one other. *Arvizu*, 534 U.S. at 274. A "divide-and-conquer" analysis—where each factor is singled out and the court engages in a post-hoc search for an innocent explanation—is not permitted. *Id*. And, while the Supreme Court has wrestled with the precedential difficulties created by this fact-specific approach, it has suggested that "[e]ven if in many instances the factual 'mosaic' analyzed for a reasonable-suspicion determination would preclude one case from squarely controlling another, 'two decisions when viewed together may usefully add to the body of law on the subject.'" *Id*. at 275 (quoting *Ornelas*, 517 U.S. at 697–98).

Herein, Whitlow gave a false answer to Kazimer when asked if there was weed in the vehicle – a fact known to Kazimer through his direct observations of the loose marijuana near the center console. This fact, coupled with the fact that the stop was occurring at roughly 2:40 a.m., generated reasonable suspicion for Kazimer to conduct a brief pat down for his own protection. As such, there is no basis to suppress the marijuana found in Whitlow's pocket.

Finally, Whitlow contends the officers lacked probable cause to search his vehicle. Generally, the plain view discovery of marijuana provides the requisite probable cause necessary to justify a vehicle search. *See United States v. Ivey*, 307 F. App'x 941, 943 (6th Cir. 2009). Whitlow, however, contends that any such probable cause was eliminated the moment that he told the officer that he had a "weed card." Whitlow contends that this statement should have alerted Kazimer that Whitlow could lawfully possess marijuana and negate any probable cause.

While the Government contends that possession of marijuana is still illegal under federal law, the Court need not resolve any supremacy issues. The existence of probable cause must be determined using a "totality of the circumstances" test; that is, the question is whether, given all of the facts known to the police officer, there is a fair probability that contraband or evidence

will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). As such, Whitlow's alleged possession of a "weed card" would be only one fact for consideration by Kazimer. Whitlow's statement must be placed in the proper context as well. When claiming he held such card, Whitlow had already denied any marijuana was located in the vehicle. Moreover, he never made such an assertion until *after* marijuana was found on his person. Further, even if Kazimer were to give full credit to Whitlow's statement, it would not end the probable cause analysis. A medical marijuana card would not give Whitlow free reign to possess marijuana in any manner he sees fit. Kazimer's direct observations – the loose marijuana surrounding the gearshift and the marijuana on Whitlow's person – both strongly suggest that any marijuana present in the car was not lawfully purchased pursuant to the medical marijuana card. While Whitlow argues that violations of Ohio's administrative code regulations for storing and transporting medical marijuana cannot give rise to criminal liability, he ignores that disregarding the regulations in their entirety strongly supports the conclusion that the marijuana at issue was not lawfully purchased, not lawfully possessed.

Whitlow's dishonest answer to Kazimer's direct question regarding the presence of marijuana in the vehicle, coupled with Whitlow's delayed suggestion that he had a medical marijuana license and his wholesale failure to follow any administrative regulations for storing said marijuana, Kazimer had probable cause to search the vehicle for contraband.

Based upon the above, Whitlow's motion to suppress is DENIED.

IT IS SO ORDERED.

Dated: September 1, 2023      /s/ *Judge John R. Adams*
                              JUDGE JOHN R. ADAMS
                              UNITED STATES DISTRICT COURT