UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22-cr-00620 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| ANDRE WHITLOW, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 77, 79) |
| | ) | |

This matter is before the Court on the *Motion for Sentence Reduction, Modification and Resentencing Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 77) (the "Motion") filed by Defendant Andre Whitlow ("Whitlow"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 79).

For the reasons stated below, the Motion is DENIED.

I.  BACKGROUND

A federal grand jury charged Whitlow with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1. A jury found Whitlow guilty. Doc. 55.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSR"). Doc. 58. The PSR indicated Whitlow had a total offense level of 28 and a criminal history category of V, therefore the advisory guideline range was 130–162 months. PSR at p. 18, ¶ 68. However, the maximum sentence for the offense was ten years or less, therefore, the guideline range applied was 120 months. *Id.* The Court

1

ultimately sentenced Whitlow on January 30, 2024 to a term of 120 months' imprisonment. Doc. 62.

Prior to Whitlow's sentencing, the United States Sentencing Commission issued Amendment 821. The Amendment was effective on November 1, 2023, although its retroactive application as to those sentenced prior to November 1, 2023 did not take effect until February 1, 2024. Whitlow seeks retroactive application of Amendment 821 to reduce his sentence.

II. LAW AND ANALYSIS

A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The alleged lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825").

The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7. If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107.

B. Analysis

Whitlow asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory

range is lowered. Doc. 77. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Whitlow's total criminal history points were 11. Ten of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a), (c), and (k).  PSR at pp. 8–12, ¶¶ 30–34.  Then, one additional status point was added to the subtotal criminal history score in accordance with the new § 4A1.1(e) because his criminal history points under U.S.S.G. §§ 4A1.1(a)-(d) were seven or more and he committed the underlying offense while on post release control for state charges of having weapons while under disability and attempted aggravated robbery.[1] PSR at p. 12, ¶ 36.

Amendment 821 does not affect Whitlow's criminal history computation, and he is not eligible for consideration of a sentence reduction. At sentencing, the Court applied a criminal history score of 11, pursuant to the PSR. In response to the Motion, the Government properly highlights that the PSR calculated Whitlow's criminal history points following the new § 4A1.1(e) enacted by Amendment 821. Doc. 79 at p. 2.  This calculation was correct, and Whitlow was sentenced in January 2024, therefore the calculation is not affected by any retroactive application of Amendment 821. As such, Whitlow was not sentenced based on a subsequently lowered sentencing range and he is therefore ineligible for a sentence reduction. *See* 18 U.S.C. Appx § 1B1.10(a)(1).

---

[1] Whitlow would have received an additional status point under the old calculation. U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e), followed by the PSR in this case.

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction, Modification and Resentencing Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 77) is DENIED.

Date: <u>December 29, 2025</u>    <u>      /s/ John R. Adams      </u>
                                   JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE